IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JERRY ROBINSON,

        Plaintiff,        Case No. 3:11-cv-036

vs.        Judge Thomas M. Rose

MICHAEL J. ASTRUE,        Magistrate Judge Michael R. Merz
Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING ROBINSON'S OBJECTIONS (Doc. #12) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #11) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S DECISION THAT ROBINSON IS NOT ENTITLED TO SOCIAL SECURITY DISABILITY BENEFITS; AND TERMINATING THIS CASE**

_____

Plaintiff Jerry Robinson ("Robinson") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that he is not disabled and, therefore, not entitled to Social Security disability benefits. On October 24, 2011, United States Magistrate Judge Michael R. Merz ("Magistrate Judge Merz") entered a Report and Recommendations (doc. #11) recommending that the Commissioner's Decision be affirmed. Robinson subsequently filed Objections (doc. #12) and the time has run and the Commissioner has not responded to Robinson's Objections. This matter is, therefore, ripe for decision.

Robinson filed an application for supplemental security benefits ("SSI") on January 17,

2001, alleging disability from May 17, 2000, due to severe back pain. The Commissioner denied Robinson's application initially and on reconsideration. Following a hearing, Administrative Law Judge David Redmond ("ALJ Redmond") determined that Robinson was not disabled. The Appeals Council granted Robinson's request for review and remanded the matter for further proceedings.

On remand, ALJ Redmond held a hearing and subsequently determined that Robinson is not disabled. The Appeals Council denied Robinson's request for review and ALJ Redmond's decision became the Commissioner's final decision. Robinson then appealed to this Court pursuant to 42 U.S.C. § 405(g).

After considering the Administrative Record and briefing by the Parties, Magistrate Judge Merz issued a Report and Recommendations recommending that the Commissioner's decision be affirmed. District Judge Walter Rice rejected Magistrate Merz's Report and Recommendations and remanded the matter for further administrative proceedings.

On remand, Administrative Law Judge Thaddeus Armstead ("ALJ Armstead") held a hearing following which he determined that Robinson is not disabled. The Appeals Council denied Robinson's request for review of that decision and ALJ Armstead's decision became the Commissioner's final decision. Robinson then again appealed to this Court pursuant to 42 U.S.C. § 405(g).

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #11) and in Robinson's Objections (doc. #12), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and

Recommendations in its entirety and, in so doing, affirms the Commissioner's decision that Robinson is not disabled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ applied the correct legal criteria and the ALJ's decision is supported by substantial evidence. WHEREFORE, based upon the aforesaid, Robinson's Objections to the Magistrate Judge's Report and Recommendations (doc. #12) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #11) in its entirety. The Commissioner's decision that Robinson was not disabled is affirmed. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this 5th day of December, 2011.

.  **s/Thomas M. Rose**
_____
JUDGE THOMAS M. ROSE
UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record